IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TERESA ILLAN ASENSI<br>PLAINTIFF<br><br>VS<br><br>CARIBBEAN ISLAND STORES LLC<br>d/b/a FALAS<br>DEFENDANT | CASE NO.: |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, by and through the undersigned attorney, and very respectfully states, alleges, and prays as follow:

### I. NATURE OF THE ACTION

1. This is an action brought by Plaintiff, Teresa Illán Asensi ("Illán" or "Plaintiff"), against her former employer, Caribbean Island Stores LLC d/b/a Falas, (from hereinafter "Falas" or collectively referred to as "Defendant"), for harassment, discrimination, and retaliation, by reason of age, sex, gender, opposition against Defendant's unlawful employment practices, the violation of her civil rights, and the violation of Plaintiff's rights and obligations under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and the Equal Pay Act.

2. The Plaintiff brings this action to remedy the depravation of rights secured to her, under the constitutions and laws of Puerto Rico and the United States of America.

3. Illán alleges, in synthesis, that she was harassed, discriminated, retaliated and discharged from her employment, due to her age, sex and gender, and retaliation for her opposition against Defendant's unlawful employment practices. These practices are prohibited by the constitutions and laws of the Commonwealth of Puerto Rico as well of the United States of America.

1

4. The Plaintiff alleges that she has suffered damages as a result of Defendant's actions.

5. The Plaintiff requests, among other things, for compensation for her economic damages, as well as for her mental anguishes and sufferings.

## II. JURISDICTION

6. The jurisdiction of this Honorable Court the Age Discrimination in Employment Act as amended, 29 U.S.C., sec. 621 et. seq., from hereinafter "ADEA"; the American with Disability Act, "ADA", The Civil Rights Act of 1964 and of 1991, as amended, from hereinafter "Title VII", and the Consolidated Omnibus Budget Reconciliation Act, "COBRA"; the Equal Pay Act. "EPA"; Law Num. 100 of June 30, 1959; Law Num. 69, of July 6th, 1985, 29 L.P.R.A. sec., 1321 et seq.; Law Num. 115 of December 20th, 1991; Law Number 80 of May 30th, 1976, as amended.

7. All conditions precedent to jurisdiction under the applicable federal and local statutes have been complied with.

8. A dual filing charge (with the Puerto Rico Antidiscrimination Unit and the Equal Employment Opportunity Commission) was filed on August 14, 2015. A Notice of Right to Sue was issued on December 29, 2015. The Plaintiff filed within the applicable 90 days period from receipt of the mentioned Notice of Right to Sue. The complaint in the case at bar, specifically on February 18, 2016, civil number 16-1282 (PAD). On September 21, 2016, the Honorable dismissed Plaintiff's Complaint, without prejudice, in order for the Plaintiff to pursue her causes of action against the defendant, through private arbitration, before the American Arbitration Association, "AAA", due to the execution b the parties of an employer promulgated arbitration agreement.

The Plaintiff, in or around September 9, 2016, filed her Complaint before the

2

AAA, and pursue her claims, through the arbitration process before the AAA. The parties conducted and finished the discovery, and the defendant intentionally failed to file a dispositive motion, after failing to prevail in another dispositive motion filed in a related case, also filed before the AAA. The defendant then, after conducting and finishing discovery and after failing to file a dispositive motion, never paid the arbitration hearing fees, and as a result AAA terminated the arbitration, without prejudice due to defendant's failure to pay the arbitration fees, and defendant's intentional failure to comply with the orders for payment of the arbitration from the AAA.

The Plaintiff, since June 6, 2017, requested the re-opening of her case, civil number 16-1282 (PAD) and the scheduling of the pretrial conference and jury trial, however, the Honorable Court, on November 14, 2017, issued an Order denying Plaintiff's request for the re-opening of the case, and instructed the Plaintiff to file a new case if the Plaintiff wanted to pursue her federal claims.

9. The Plaintiff is a citizen of the Commonwealth of Puerto Rico.

10. This action involves a sum in excess of $75,000.00, exclusive of interest and cost.

11. This is the proper venue to bring this action, since the facts relating to the cause of actions arose in this District.

**III. PARTIES**

12. Plaintiff, Illán, is of legal age, single, and resident of the Commonwealth of Puerto Rico.

13. The Defendant was authorized to do, and is currently doing business in the Commonwealth of Puerto Rico, and has continuously employed in excess of 20 people at all relevant times. At all times, the Defendant has been an "employer", as that term is defined by all the laws invoked in the Complaint.

3

## IV. STATEMENT OF CLAIM

14. The Plaintiff, Illán, was born on May 10, 1956. She is currently 59 years old, is single, and she is resident of the Commonwealth of Puerto Rico.

15. Illán started working for the Defendant on December 8, 1980, under her predecessor employer P.R. Retail Stores d/b/a Tiendas Pitusa. Caribbean Island Stores LLC d/b/a Falas, acquired P.R. Retail Stores, d/b/a Tiendas Pitusa, and became Plaintiff's successor employer. Through the years, Illán's performance was of excellence and she was promoted to several positions, until becoming Store Manager.

16. In or around the month of June of 2014, Falas acquired several of Pitusa's stores and employees, including the store in which the Plaintiff was Manager, thus, Falas became Plaintiff's successor employer.

17. Immediately after the new management from Falas started supervising Plaintiff's store, Falas' officers started to harass, discriminate and retaliate against Illán and Plaintiff's working conditions became intolerable.

18. On July of 2014, a new District Manager was hired by Falas and became Plaintiff's supervisor, Mr. Jaime Arias ("Arias"). Arias was approximately 35 years old. Since Arias started to supervise the Plaintiff, and up until Plaintiff's termination, he began a campaign of discrimination and harassment against Illán, due to her age, sex and gender, and, later on, in retaliation, due to Plaintiff's harassment and discrimination complaints and her opposition against Defendant's unlawful employment practices. It must be pointed out that the discriminatory treatment, the harassment and the retaliatory actions that were committed against the Plaintiff were committed also against other employees similarly situated with the Plaintiff, in terms of Illán sex, gender, age and opposition against Defendant's unlawful employment practices.

19. Since Arias started as District Manager in July of 2014, and up until Plaintiff's termination, he was constantly, almost on a daily basis and up until Plaintiff's discharge, telling the Plaintiff that he was going to assign a new manager to her store, and that he knew the new manager since they worked together for another employer, and that the new manager was a young man and that he will come to "clean the house" out of the old employees of Pitusa.

20. Approximately in the month of August of 2014, Falas and Arias hired Mr. Jonathan Pagán ("Pagán") and assigned him as Assistant Manager in the same store in which the Plaintiff was the Store Manager. Pagán was approximately 33 years old.

21. Arias and Pagán, since August of 2014, and up until Plaintiff's termination, continued with the discrimination and harassment campaign against Illán, and other similarly situated employees, because of their age, set, gender, and opposition against defendant's unlawful employment practices. Among Defendant's harassment and discriminatory actions against Illán, which were committed almost on a daily basis, since August of 2014, up until Plaintiff's termination on August of 2015, were the following:

22. Arias and Pagán were constantly making comments regarding Plaintiff's age, such as that she was old and that she had lost her managerial skills; they both referred to the Plaintiff as well as to other employees similarly situated with the Plaintiff in terms of age, as the "oldies of Pitusa" ("Viejas de Pitusa"), and were constantly making comments that they were going to make the oldies from Pitusa resign and leave, because they wanted new and younger employees, and that they were going to refresh the stores with new and younger personnel and terminate the oldies of Pitusa.

23. Arias and Pagán, since they both started to supervise the Plaintiff, up until her termination, were also constantly threatening the Plaintiff with disciplinary actions for totally false and unjustified reasons, including her termination from employment.

5

24. Arias, immediately after Pagán was hired, assigned Plaintiff's main functions and duties to Pagán, even though Pagán was the Assistant Manager, while assigned to Illán other duties performed by newly hired employees, such as cleaning the store, sweeping and mopping the entire store, including the bathrooms, and unloading merchandise from the containers, alone. Neither Arias nor Pagan took such actions against other younger employees.

25. Arias would issue instructions to Pagán instead of to Illán related to functions and duties used to be performed by Illán, and told Illán that she must follow the instructions of Pagán. However, even though Arias constantly sent to Pagán emails with instructions to Illán, Pagán failed to inform Illán of the instructions given by Arias, and when Arias arrived to the store, disciplined Illán for Plaintiff alleged failure to follow his instructions.

26. Arias would also constantly, up until Plaintiff's termination, yelled and screamed to Illán at the time that he disciplined and issued instructions to the Plaintiff, and threatened her with her termination, telling her that she was old and worthless.

27. Since Pagán was hired and up until Plaintiff's termination, he failed to accommodate the merchandise in the store floor, and would leave without organizing the merchandise, and then Arias would disciplined Illán for the failure to accommodate the merchandise left by Pagán.

28. Illán tried to issue instructions and also tried to disciplined Pagán and also informed Arias about the different actions taken by Pagán, previously described, in violation of Defendant's rules and regulations, however, Arias informed Illán that she did not had any authority to discipline, nor to issue instructions to Pagán.

29. The salary and bonuses of younger male employees, with less seniority than the Plaintiff, and who performed similar functions and duties performed by the Plaintiff, were higher than those of the Plaintiff, being the only difference Plaintiff's age, sex, gender and opposition

against Defendant's unlawful employment practices. Even the terms and condition of employment of the male, younger employees were far better than those of the Plaintiff.

30. Falas also stopped paying commissions to the Plaintiff, however, did not take the same action with male employees, similarly situated with the Plaintiff.

31. Arias and Pagán, since they both started supervising the Plaintiff, up until Plaintiff's termination, were constantly, almost on a daily basis, criticizing Plaintiff's performance, notwithstanding the fact that her performance was always excellent. Arias and Pagán, since they both started supervising Illán, up until her termination, constantly told Illán that she was old, that she was one of Pitusa's oldies, and that the only thing she was good for, was for working in the warehouse, or as a "key holder", opening and closing the doors.

32. Arias and Pagán since they both started supervising Illán, up until her termination, constantly yelled and screamed to the Plaintiff and insulted her, up to the point that the Plaintiff on several occasions felt physically threatened, as if they were going to hit her, due to the gestures they made against her. However, the treatment towards male, younger employees was so far different and was much better than the treatment afforded to the Plaintiff.

33. Arias also ordered Illán to take disciplinary actions for false reasons against another female employee, Ingrid Pizarro ("Pizarro"), due to Pizarro's age and her physical conditions and limitations, since Pizarro was a disabled employee. Illán refused to take the disciplinary actions against Pizarro, since she was aware that the disciplinary actions that Arias and Pagán wanted to take against Pizarro were due to Pizarro's age and physical condition, limitations, and disability, due to the different discriminatory comments from Arias and Pagán, since they both made comments related that they wanted to harass Pizarro to make her resign from her position to assign a younger employee to her position, because she was old and sick. In addition, the different disciplinary actions that Arias and Pagan wanted to take against Pizarro

7

were due to false and pretextual reasons.

34. Arias and Pagán threatened Illán with her termination also, since Illán told Arias and Pagán that she was not going to take disciplinary actions against Pizarro for false and discriminatory reasons, and thus, Illán did not took disciplinary actions against Pizarro.

35. Due to the actions from Defendant's officers, Arias and Pagán, since July of 2014, until Plaintiff's termination, Illán's terms and condition of employment became intolerable and she was forced to work in a hostile work environment, which affected her mental and emotional condition, due to her age, sex, gender and opposition against Defendant's unlawful employment practices.

36. Illán, since Arias and Pagán started supervising her, and up until her termination, approximately on a monthly basis, complained to Human Resources about the different harassing and discriminatory actions previously described, taken by Arias and Pagán against her. However, the Defendant did not take any type of corrective action, and thus, the different actions previously described continued up until Plaintiff's termination.

37. Arias, after Plaintiff's complaints to Human Resources, made fun of the Plaintiff and told the Plaintiff not to waste her time complaining to Human Resources, because nothing was going to happen and that is she continued with the same, it was her the one that was going to be discharged.

38. On December 23, 2014, Illán had to report to the State Insurance Fund ("SIF"), due to a back injury, as a result of Arias' actions of assigning her to unload merchandise from the containers. It must be pointed out that even though there were other younger male employees that were able to unload merchandise from the containers, Arias would assign to Illán, alone, those functions and duties.

39. After the Plaintiff reported back to work under a CT ordered by the SIF, Arias and

Pagán started to constantly, up until Plaintiff's termination, make derogatory and discriminatory comments related to Illán's appointments to SIF receive treatment. Arias would also assign to Illán different functions and duties to be performed immediately, in order for Illán not to be able to go to her appointments at the SIF.

40. Pagán was constantly telling the Plaintiff that he will become the new Store Manager and that she was going to be terminated, since she was old and sick, and that the Defendant wanted new and younger employees.

41. On August 7, 2015, Arias terminated the Plaintiff from her employment, due to her age, gender, and her opposition to Defendant's discriminatory practices. After her termination, Illán was replaced immediately with Pagán.

42. Illán, since Arias started supervising her and up until her termination, on several occasions informed Arias that she needed more employees in the store, however, Arias never assigned any additional employees to Plaintiff's store. However, after Illán's termination, Arias assigned several employees to work in the store under the supervision of Pagán.

43. While employed with the Defendant and even as of the day of her termination, Illán was a participant and a beneficiary of Defendant's health insurance plan. At the time of Plaintiff's termination, and even as of today, the Defendant has failed to provide any information to the Plaintiff about her rights and obligations under COBRA.

44. As a result of Defendant's actions of not providing to the Plaintiff any type of information regarding COBRA, Illán was not able to continue her health insurance coverage under COBRA, nor was able to receive medical treatment.

45. Undoubtedly, Defendant's actions and omissions against Illán were because of Plaintiff's age, gender, for having reported to the SIF, and due to her opposition against Defendant's unlawful employment practices, in violation of local and federal statutes.

Defendant's actions and omissions were intentional, with malice and recklessness in violation of federal laws. Defendant's actions were also in violation of COBRA.

46. At the time Plaintiff was harassed and discriminated by Defendant, the Defendant was fully aware of the provisions of the Age Discrimination in Employment Act, Law Num. 100, supra, Law Num. 45, supra, and Law Num. 80, supra, and COBRA. Defendant acted willfully and with reckless disregard of the law in harassing and discriminating against the Plaintiff, solely because of Illán's age, sex and gender, and because of her opposition against Defendant's unlawful employment practices. The harassment and discrimination against Illán, constitutes a willful violation of the previously mentioned statutes, and as such, entitles the Plaintiff to recover double, punitive, and compensatory damages.

## FIRST CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events describe herein constitute illegal discrimination due to Illán's age, gender, and her opposition against Defendant's unlawful employment practices, in violation of the laws and the constitution of the Commonwealth of Puerto Rico and the United States of America.

## SECOND CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events describe herein constitute harassment, discrimination and retaliation, by reason of Plaintiff's age, in violation of ADEA and Law Num. 100, supra.

## THIRD CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute illegal harassment, discrimination, and

10

retaliation, for Plaintiff's having reported to the SIF to received treatment, in violation of Law Num. 45, supra and Law Num. 115, supra

### FOURTH CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute an unjust dismissal, in violation of Law Num. 80, supra.

### FIFTH CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute harassment and discrimination by reason of Plaintiff's sex and gender, in violation to Law Num. 69 of July 6th, 1985, 29 L.P.R. A. sec., 1321 et seq.; Law Num. 100, supra, Title VII.

### SIXTH CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute discrimination and retaliation due to Plaintiff's internal harassment, discrimination, and retaliation complaints, as well as due to Plaintiff's opposition to take discriminatory actions against Pizarro because of the latter age and disability in violation of ADEA, ADA, Title VII,

### SEVENTH CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute a violation to COBRA.

### EIGHTH CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute a violation to the Equal Pay Act.

### NINETH CAUSE OF ACTION

1. Plaintiff alleges and re-alleges all previous paragraphs as if fully alleged herein.

2. The events described herein created a hostile work environment because of Plaintiff's age, sex, gender and opposition against Defendant's unlawful employment practices in violation of ADEA, ADA, Title VII, Law Num. 100; Law Num. 69, Law Num. 45 and Law Num. 115.

## RELIEF

**WHEREFORE**, the Plaintiff prays to the Honorable Arbitration Association:

1. Enter a declaratory Judgment against Defendant and find it in violation of the constitution and laws of the United States of America and the Commonwealth of Puerto Rico.

2. Order the Defendant to make the Plaintiff whole, by ordering damages for loss of income, back pay, front pay and loss of benefits in an amount not less than $600,000.00.

3. Award the Plaintiff damages in the amount of $600,000.00, for her mental anguish, mental and emotional sufferings and distress.

4. Award the Plaintiff compensatory damages caused as a result of the illegal acts in the amount of $600,000.00.

5. Award to the Plaintiff punitive damage and double damages.

6. Award the Plaintiff compensatory damages.

7. Award the Plaintiff the cost of her action, together with reasonable attorney's fees.

8. Award the Plaintiff pre judgment interest.

9. Reinstatement.

10. Grant the Plaintiff such other relief as this Honorable Association deems appropriate and proper.

11. Award Plaintiff physical damages.

**A JURY TRIAL IS HERBY REQUESTED.**

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 3rd day of January 2018

s:/ *ANIBAL ESCANELLAS RIVERA*
Aníbal Escanellas Rivera
U.S.D.C. #208908

**ESCANELLAS & JUAN, PSC**
204 Domenech Ave.
San Juan, PR 00918
Tel. (787) 758-3000 / Fax (787) 250-1111
email: escanellas@prtc.net