IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TERESA ILLAN ASENSI, <br><br> Plaintiff, <br><br> v. <br><br> CARIBBEAN ISLAND STORES LLC DBA FALAS ET AL., <br><br> Defendants. | CIVIL NO.: 18-1001 (JAG) |

**REPORT AND RECOMMENDATION**

On January 3, 2018, plaintiff Teresa Illan Asensi filed a complaint against her former employer Caribbean Island Stores, LLC ("Caribbean Island Stores") "for harassment, discrimination, and retaliation, by reason of age, sex, gender, opposition against … [Caribbean Island Stores'] unlawful employment practices, the violation of her civil rights, and the violation of Plaintiff's rights and obligations under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and the Equal Pay Act." ECF No. 1, at 2. Plaintiff also invoked the "Age Discrimination in Employment Act as amended, 29 U.S.C. § 621 *et. seq...* ("ADEA"); the American with Disabilities Act … ["ADA"]; [and various status of Puerto Rico such as] Law Num. 100 of June 30, 1959; Law Num. 69 of July 6, 1985; … Law Numb. 115 of December 20, 1991; Law Number 80 of May 30, 1976, as amended." *Id.* at 2.

On August 16, 2018, Caribbean Island Stores informed the court that it had filed a petition for relief under chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. ECF No. 36. Accordingly, on October 9, 2018, judgment was

1

entered staying the instant case as to Caribbean Island Stores during the pendency of the bankruptcy proceedings. ECF No. 40.

On February 4, 2021, plaintiff filed an amended complaint to add La Pantera Negra LLC ("Pantera Negra") as a defendant, labelling it as a former employer of hers. ECF No. 43. After several procedural twists and turns, on November 17, 2022 plaintiff moved for "the entry of default judgment against the defendant…", without identifying whether by defendant she meant Caribbean Island Stores or Pantera Negra. ECF No. 109. Thus, on January 26, 2023, the court ordered plaintiff to "clarify whether the motion requests default only as to La Pantera Negra or as to both defendants." ECF No. 113.

On April 24, 2023, plaintiff tendered as an exhibit a motion for entry of default judgment as to both Caribbean Island Stores and Pantera Negra in view that "both of them are not under bankruptcy protection and both of them are in default…." ECF No. 119-1 at 1. There are, however, several problems with this submission. First, the tendered motion was never filed by plaintiff. Second, the stay regarding Caribbean Island Stores (ECF No. 40) has not been lifted by the court. Third, as of April 24, 2023, the Clerk had not entered default against Caribbean Island Stores and Pantera Negra.[1] Therefore, on May 31, 2023, the following order was entered, stating in its pertinent portion: "The court has not entered default against any defendant. *See* ECF No. 76. Plaintiff shall move for entry of default against Defendants, submitting evidence in support, before the Court may entertain this motion. Moreover, Plaintiff shall inform the Court as to the bankruptcy proceedings of co-Defendant Caribbean Island Stores and whether the case should remained [sic] stayed as to this co-Defendant. *See* ECF No. 36; 40." ECF No. 120.

---

[1] Any prior default entry had been set aside. *See* ECF Nos. 48, 51.

2

Despite the clear directives from the court, on June 19, 2023 plaintiff chose to file a motion with two strikes. ECF No. 122. First, rather than moving for entry of default as the title of the motion suggests, the prayer for relief once again asked for the entry of *default judgment* against both Caribbean Island Stores and Pantera Negra. ECF No. 122, at 1, ¶2; at 2, ¶6. Second, plaintiff's motion was silent as to the status of the bankruptcy proceedings of Caribbean Island Stores. ECF No. 122. Despite plaintiff's lack of compliance with the order of the court issued on May 31, 2023 (ECF No. 120), plaintiff's motion was granted. ECF No. 123. Accordingly, on July 12, 2023, the Clerk of the Court entered default against Caribbean Island Stores and Pantera Negra, even though there is no clear evidence on the record as to what is the status of the bankruptcy proceedings regarding Caribbean Island Stores. ECF No. 125.

Under these circumstances, a default damages hearing was scheduled to be held on October 10, 2023. ECF No. 128. On October 3, 2023, however, plaintiff filed a motion withdrawing "her request for mental, emotional, and economic damages, as well as her request for COBRA penalties, fines, and damages…." ECF No. 132, at 2. Instead, plaintiff is simply seeking severance payment under Puerto Rico's Law 80, 29 L.P.R.A. § 185 *et seq*. ("Law 80") for the sum of $72,718.38 following the formula in 29 L.P.R.A. § 185a. Plaintiff also requested that the default damages hearing be vacated. ECF No. 132. The request to vacate the default damages hearing was granted. ECF No. 133.

By virtue of the default that has been entered, certain facts relevant to a severance pay calculation under Law 80 that are alleged in the complaint are deemed proven: Plaintiff began working for P.R. Retail Stores d/b/a Tiendas Pitusa ("Pitusa") on December 8, 1980. ECF No. 43, at 4, ¶16. Caribbean Island Stores acquired Pitusa, and eventually Pantera Negra acquired

3

Carribbean Island Stores. *Id.*[2] On August 7, 2015, District Manager Jaime Arias, who was plaintiff's supervisor, terminated plaintiff from her employment "due to her age, gender, and her opposition to Defendant's discriminatory practices." *Id.* at 5, ¶19; at 9, ¶42. Therefore, plaintiff concludes that for purposes of the calculation of compensation under Law 8, her 34 years of service translate into "6 months and 102 weeks, at a rate of $577.13 per week." ECF No. 132, at 2, ¶6. To be able to reach the $577.13 per week figure, however, plaintiff has to go beyond the allegations of the complaint. In support of the weekly rate, she tenders what appears to be a withholding statement for the year 2013 that shows wages for the sum of $30,011.79. ECF No. 132-1. Nevertheless, plaintiff does not submit any affidavit or an unsworn statement under penalty of perjury certifying the authenticity of the exhibit submitted.

WHEREFORE, it is recommended that plaintiff's request for default judgment against Caribbean Island Stores be DENIED because plaintiff has not complied with the court's order requiring her to submit evidence of the status of the bankruptcy proceedings regarding said entity. Moreover, as of today, the judgment staying the case as to Caribbean Island Stores has not been set aside. ECF No. 40. As to Pantera Negra, it is recommended that the request for default judgment also be DENIED because plaintiff has not submitted any evidence to corroborate the authenticity of the withholding statement tendered in the motion filed on October 3, 2023. ECF No. 132-1. However, if plaintiff were to submit an affidavit or an unsworn statement under penalty of perjury establishing the authenticity of the 2013 withholding statement, then it is recommended that plaintiff's motion for the entry of default judgment against Pantera Negra be

---

[2] To use the unartful words of the complaint, "La Pantera Negra LLC acquired after Caribbean Island Stores LLC bankruptcy…." *Id.*

GRANTED for the sum of $72,718.38 taking into account that plaintiff has desisted from all damages except those she is entitled to under Law 80.[3]

The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 4th day of October, 2023.

s/Marcos E. López
U.S. Magistrate Judge

---

[3] It is unnecessary to hold a default damages hearing when the sum of damages is established by a mathematical formula prescribed by statute.